MARK D. PETERSON (State Bar #126174)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Facsimile: (949) 724-1190
Email: markpeterson@catespeterson.com

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>    Plaintiff,<br>v.<br><br>MEDVERSANT TECHNOLOGIES, LLC, a California Limited Liability Company; EDWARD SIMON, DC, an individual; AFFILIATED HEALTH CARE ASSOCIATES, P.C., an Illinois Corporation; and DOES 1 through 30, Inclusive,<br><br>    Defendants. | CASE NO. : 2:15-cv-8205<br><br>COMPLAINT FOR:<br><br>(1) DECLARATORY RELIEF – NO DUTY TO DEFEND UNDERLYING CLAIMS AND<br><br>(2) EQUITABLE REIMBURSEMENT OF ALL FEES, COSTS, AND EXPENSES PAID BY TRAVELERS TO DEFEND UNDERLYING CLAIMS (*BUSS V. SUPERIOR COURT*) |

Plaintiff Travelers Property Casualty Company of America ("Travelers") pleads as follows:

## FIRST CAUSE OF ACTION
## FOR DECLARATORY RELIEF –
## NO DUTY TO DEFEND
## UNDERLYING CLAIMS
### (Against All Defendants)

**Jurisdiction and Venue**

1.      This Court has original subject matter jurisdiction because complete diversity exists between the plaintiff, a Connecticut corporation with its principal place of business and main administrative offices in Hartford, Connecticut, and defendants, which are residents of the States of California and Illinois.  28 U.S.C. §1332(a) and (c).  In addition, the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).

2.      This Court has personal jurisdiction over the defendants because they have a continuous, systematic, and substantial presence within this judicial district either as residents and/or plaintiff-litigants.

3.       Venue is proper in this judicial district pursuant to 28. U.S.C. §1391(b) and (c).

**Introductory Statement**

4.      Plaintiff Travelers insured defendant Medversant Technologies, LLC ("Medversant") with several insurance policies.  Medversant was sued in the Central District of California and the Eastern District of Illinois for its alleged violation of the Telephone Consumer Protection Act and the Junk Fax Prevention Act of 2005.  The underlying plaintiffs accuse Medversant of sending tens of thousands of unauthorized "junk" faxes.

1

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

5.     Medversant tendered the two lawsuits to Travelers for defense.  Each of the Travelers policies expressly excludes coverage for the underlying claims. Travelers, nevertheless, agreed to defend Medversant, while reserving its right to bring this action seeking: Travelers seeks declaratory relief that it owes no such defense and that it is entitled to reimbursement of the money it has spent so far defending Medversant.

**The Parties**

6.     Plaintiff Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business and main administrative offices in Hartford, Connecticut.  At all times material to this lawsuit, Travelers was authorized to conduct the business of a liability insurance company in the state of California and was doing so.

7.     Plaintiff alleges on information and belief that at all times material to this lawsuit defendant Medversant Technologies, LLC was a California limited liability company with its principal place of business in Los Angeles, California.

8.     Defendant Edward Simon, DC, is, and at all times relevant here was, a chiropractor, doing business within this district at premises located in North Hollywood, California.  Dr. Simon is a plaintiff in the underlying action pending in the Central District of California.

9.     Defendant Affiliated Health Care Associates, P.C. is, and at all times relevant here was, a professional corporation duly organized and existing under the laws of the state of Illinois.  It is pursuing litigation against Medversant in the Underlying Action here in the Central District of California; prior to that, it was suing Medversant in the Eastern District of Illinois.

10.     Travelers does not know the true names of defendants Does 1 through 30 and therefore sues them under these fictitious names.  Travelers is informed and

2

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

believes that these defendants are others with an interest in whether Travelers has a duty to defend Medversant here in the underlying actions.  Travelers will amend this complaint to name these defendants when their true names are ascertained.

**The Travelers Insurance Policies**

11.   **CyberFirst Technology Errors and Omissions Liability Coverage**: From March 1, 2014 to March 1, 2015, Travelers insured Medversant with CyberFirst Technology Errors and Omissions Liability Coverage under policy No. ZPL-14P77079-14-I5.  The policy includes CyberFirst Technology Errors and Omissions coverage (form PR T1 02 (Ed. 01 12)).

12.   The policy provides that Travelers will defend the insured only for claims which are covered or potentially covered under the policy and not for those which are not.

13.   The CyberFirst Technology Errors and Omissions Coverage further states:

> *This insurance does not apply to:*
>
> . . .
>
> **k. Violation of Consumer Protection Laws**
>
> ***Loss arising out of any actual or alleged violation of any*** unfair or deceptive trade practices, unfair competition, or other ***consumer protection law committed by or on behalf of an insured.***

(Emphasis added.)

14.   **Commercial General Liability Coverage:**  From March 1, 2014 to March 1, 2015, Travelers also insured Medversant with policy No. No. ZLP-12T17027-14-I5.  The policy includes Commercial General Liability coverage written on an "occurrence" or "offense" basis.  Travelers also provided Medversant with substantively identical coverage for the four prior years beginning March 1, 2010,

3

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

2011, 2012, and 2013.   Travelers also provided umbrella excess coverage to Medversant for these same five years.

15.     Each of the commercial general liability policies provides that Travelers will defend the insured only for claims which are covered or potentially covered under it and not for those which are not.

16.     The General Liability Coverage in place for the latter three of the five total years, March 1, 2012-March 1, 2015, further states in an endorsement (form CGD326 (Ed. 10-11)) titled "Exclusion – Unsolicited Communications" that the general liability coverage ***"does not apply to":***

**EXCLUSION – UNSOLICITED COMMUNICATION**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

**Unsolicited Communication**

"Bodily injury" or "property damage" arising out of any actual or alleged ***violation of any law that restricts or prohibits the sending, transmitting or distributing of "unsolicited communication".***

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY:**

**Unsolicited Communication**

"Personal injury" or "advertising injury" arising out of any actual or alleged ***violation of any law that restricts or prohibits the sending, transmitting or distributing of "unsolicited communication".***

The following is added to the DEFINITIONS Section:

"*Unsolicited communication*" means any communication, in any form, that the

recipient of such communication did not specifically request to receive.[1]

(Emphasis added.)

**The Underlying Actions, The Tenders to Travelers and Travelers' Agreement to Defend Under a Full Reservation of Rights**

17.    On September 16, 2014, Medversant was sued in *Edward Simon, DC v. Healthways, Inc., etc., et al*, Los Angeles Superior Court Case No. 557772, removed to United States District Court (C.D. Cal.), Case No. 14-cv-08022 BRO (JCx) ("the California Action").  The first amended complaint states causes of action for:

(1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and FCC Regulations and

(2) Violations of Cal. Bus. & Professions Code § 17538.43.

The plaintiff in the California action alleges that Medversant sent some 14,000 illegal

---

[1] The general liability policies in place for the first two of the five years, March 1, 2010-March 1, 2012, contain the January 2004 version of the "Unsolicited Communication" exclusion (form CGD326 (Ed. 01 04)).  It is substantively identical to the latter version.  It states:

**EXCLUSION – UNSOLICITED COMMUNICATIONS**

***This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or "website injury" arising out of unsolicited communications by or on behalf of any insured.*** Unsolicited communications means any form of communication, including but not limited to facsimile, electronic mail, posted mail or telephone, in which the recipient has not specifically requested the communication.  Unsolicited communications also include but are not limited to communications which are made or allegedly made in violation of the Telephone Consumer Protection Act and any amendments, and/or local or state statutes that bar, prohibit or penalize such communications.

(Emphasis added.)  The excess / umbrella policies in place during the five years at issue also bar claims arising from "Unsolicited Communications" with substantively identical exclusionary endorsements.  (See March 1, 2010-March 1, 2012 excess umbrella policies, at form UM 04 15 (Ed. 01 04), and March 1, 2012-March 1, 2015 excess umbrella policies at form UM 04 15 (Ed. 10 11).)

5

faxes.

18.     On December 22, 2014, Medversant was sued in a second action, *Affiliated Health Care Associates, P.C., etc. v. Medversant Technologies, etc., et al.*, United States District Court (E.D. IL), Case No. 1:14-cv-10247 ("the Illinois Action").  The plaintiff in the Illinois Action sued Medversant under the Telephone Consumer Protection Act.  The Illinois plaintiff also sued under state statutes and under common law theories arising from Medversant's alleged widespread junk faxing.  The Illinois Action was dismissed without prejudice within a few months and the plaintiff there, Affiliated Health Care Associates, P.C., joined the California Action as co-plaintiff.  The California Action remains pending.

19.     Medversant tendered the California Action and the Illinois Actions to Travelers for defense.  Despite the exclusions in the Travelers policies described above which apply directly to all pending claims, Travelers agreed to defend Medversant subject to a complete reservations of its rights, including reservations of its right to seek this declaratory relief, to withdraw from the defense, and to seek reimbursement of the fees, costs, and expenses of defenses if the Court finds that Travelers did not owe a defense.  Attached here as Exhibits 1 and 2, and incorporated here by this reference, are copies of Travelers' letters laying out the terms of the various policies, its agreement to defend, and its reservation of all of its rights.  Exhibit 1 pertains to the California Action and Exhibit 2 to the Illinois Action.

**This Dispute**

20.     Travelers has been defending Medversant in the California and Illinois Actions since they were tendered to it.

21.     Medversant continues to demand that Travelers pay for its defense in the Underlying Action.

22.     Travelers contends that it does not owe Medversant a defense in the California Action, and never did, and that it did not owe it a defense in the Illinois

6

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Action while that action was pending.  Travelers asks that this Court declare that Travelers owes no such defense because: (1) the claims asserted there do not satisfy any of the insuring agreements in the various policies and, (2) if they did, any such arguable coverage would be negated by the exclusions cited above for claims arising from unsolicited communications or from actual or alleged violation of any consumer protection laws.  Needless to say, violation of the Telephone ***Consumer Protection Act*** is a violation of a ***consumer protection law***.

23.     Travelers further contends that it has properly reserved its right to seek reimbursement of the defense fees, costs, and expenses it has incurred defending Medversant[2] and, therefore, under the holding of *Buss v. Superior Court,* 16 Cal. 4th 35 (1997), Travelers is entitled to a judgment against Medversant for reimbursement of all sums Travelers has spent defending it in the underlying actions.

24.     Travelers is informed and believes and, on that basis, alleges that Medversant and the other defendants contend to the contrary as to each of these matters.

25.     Declaratory relief is appropriate and necessary and the Court should exercise its jurisdiction over this matter because Travelers has no other plan, speedy, and/or adequate remedy at law.

26.     For the reasons stated above, Travelers requests that the Court enter an order and judgment declaring that, since their initial tenders to Travelers, Travelers has not been obligated to defend Medversant in the California Action or in the Illinois Action under any of the policies it issued to Medversant and, therefore, Travelers may stop paying for its defense there.

---

[2] See, e.g. Exhibit 1, p. 15, last paragraph and Exhibit 2, p. 16, para. 5.

7

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**SECOND CAUSE OF ACTION**

**EQUITABLE REIMBURSEMENT OF ALL FEES,**

**COSTS, AND EXPENSES PAID BY TRAVELERS**

**TO DEFEND UNDERLYING CLAIMS**

(***BUSS V. SUPERIOR COURT***)

**(Against All Defendants)**

27.     Travelers incorporates the allegations of paragraphs 1 through 26 here as if restated.

28.     Travelers has paid substantial sums for the attorneys' fees, costs, and expenses of defending Medversant in the California Action and the Illinois Action. Presently, this is more than $254,905.  Travelers did so in response to Medversant's demand that it do so and despite having doubts that it was obligated to do so.

29.     Travelers provided this defense pursuant to a full reservation of its rights, including an express reservation of the right to seek reimbursement of all amounts Travelers paid toward defense.

30.     Inasmuch as Travelers was not obligated to pay any, or at least not obligated to pay some, of the fees, costs, and expenses to defend Medversant in the underlying actions, Medversant and Does have been unjustly enriched.  Under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), Travelers has a right of equitable reimbursement that is implied in law as quasi-contractual to receive reimbursement of all defense fees, costs, and expenses which it paid to defend Medversant in the underlying actions during the time it was not obligated to do so.

31.     Travelers seeks a monetary judgment from Medversant and Does, jointly and severally, for all amounts which Travelers paid to defend Medversant in the underlying actions from the inception of those cases.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**PRAYER**

Wherefore, Travelers prays for an order and declaratory judgment against all defendants and a monetary award against Medversant and Does as follows:

**First Cause Of Action For Declaratory Relief – No Duty To Defend Underlying Claims**

1.  For a declaration that Travelers had and has no duty to defend Medversant in the California Action or the Illinois Action and that it may withdraw from Medversant's defense;

**Second Cause Of Action For Equitable Reimbursement Of All Fees, Costs, And Expenses Paid By Travelers To Defend Underlying Actions (*Buss v. Superior Court*)**

2.  For a monetary award against Medversant and Does, jointly and severally, for all amounts which Travelers paid and is paying to defend Medversant in the California Action and the Illinois Action from the inception of each, which amounts will be proven at trial; this amount currently exceeds $254,905;

**All Causes of Action**

3.  For costs of suit;

4.  For all other relief which the Court finds just and proper.

Dated: October 20, 2015

Respectfully submitted,


      /s/ Mark D. Peterson
MARK D. PETERSON
Of CATES PETERSON LLP
Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

9

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT